James W. BEATTY, Appellant,

v.

FRANKLIN INVESTMENT COMPANY, Inc., Appellee.

No. 2946.

Municipal Court of Appeals for the District of Columbia.

Argued March 19, 1962.

Decided April 13, 1962.

Robert C. Handwerk, Washington, D. C., for appellant.

Carl P. Fogel, Washington, D. C., with whom Martin Fogel and Samuel H. Suls, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

MYERS, Associate Judge.

From a judgment for a balance due on a promissory note assigned appellee finance company by the seller of an automobile on a time basis, the maker appeals. Although appellant alleges a number of errors, the principal complaint is that the trial judge erred in holding that the transaction was a sale, not a loan.

The record reveals without much contradiction that appellant bought an automobile on time from the Auto Discount Corporation. He signed a conditional sales contract and a promissory note on July 16, 1959. For a valuable consideration, the appellee finance company bought the conditional sales agreement and the promissory note, both of which were actually delivered. Appellant was furnished a pass book to record the payments made by him on account of the purchase. He made monthly payments until August, 1960, but thereafter, despite numerous demands upon him, refused to meet his obligation and there remained a balance due on the note for which judgment was given against him.

This court has had occasion previously to pass upon the legality of conditional sales contracts of this character on a time basis.[1] "The sale at a *Time Price* to the original purchaser, under a conditional sale agreement providing for monthly installments and including charges for insurance, financing and other related services for the privilege of buying on time rather than by cash, is not violative of the usury statute."[2] We are of the opinion still that this is a correct general statement of the law.

Appellant also attacks the validity of the assignment by Auto Discount Corporation in view of the absence of appellee's name as "assignee" on both the conditional sale contract and the promissory note. The record reveals evidence of an actual delivery of both documents to the appellee and of valuable consideration being paid therefor to support the trial judge's finding that the appellee was a holder in due course or at least for value and that it was the intent of the seller from all the circumstances to make such assignment. We conclude that this was sufficient to validate the assignment even in the absence of appellee's name as "assignee" and that appellee had good title to the documents.

Appellant also contends that the transaction was tainted by reason of the dual capacity of one individual as a stockholder in appellee corporation and an officer in Auto Discount Corporation. In view of

1. Brooks v. Auto Wholesalers Inc. et al., D.C.Mun.App., 101 A.2d 255, 257; Lincoln Loan Service Inc. of Takoma Park v. Motor Credit Co., Inc., D.C.Mun.App.,

2. District of Columbia v. Hamilton National Bank of Washington, D.C.Mun. App., 76 A.2d 60, 67 (and cases cited therein—p. 67 (note 19)).

the separate operation of the two corporations and in the light of the nature of their business transactions, we cannot say that this approximates collusion between them in this particular field. Appellee financed conditional sales contracts with other companies in the normal course of its business operations and was not restricted solely to Auto Discount Corporation.

 The burden to prove usury or an illegal relationship between Auto Discount Corporation and appellee rested upon appellant. The trial judge has found that the burden of proof on these points has not been borne by appellant. We can find no error in his ruling that requires reversal.

Affirmed.